LINCOLN V. HORTON (SBN 165238)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiff and Counter-
Defendant Zurich American Insurance
Company of Illinois

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WEST DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST RATE STAFFING CORPORATION and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-4864-CAS-KS<br><br>**ZURICH'S OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO AMEND COUNTERCLAIM AND CONTINUE TRIAL DATE**<br><br>Judge: Hon. Christina A. Snyder<br>Ctrm:  8D<br><br>Trial:       August 7, 2018<br>Complaint: July 1, 2017. |

I, Lincoln V. Horton, declare as follows:

1. I am an attorney licensed to practice in the State of California and admitted to appear before the United States District Court, Central District of California. I am the principal at my firm, and the handling attorney for Plaintiff and Counter-Defendant ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS ("Zurich") in this matter. The contents of this declaration are my personal knowledge, and if asked to testify thereto, I could and would do so competently.

2. This breach of contract matter arises from the failure by Defendant FIRST RATE STAFFING CORPORATION ("First Rate") to pay an additional premium (after a

1  much-delayed policy-required payroll audit) of 1.2 million dollars to Zurich for its 2014-
2  2015 workers' compensation insurance policy.

3      3. The payroll audit is required by the insurance agreement to occur shortly after
4  the conclusion of the policy (May 2015), but First Rate did not agree to submit to the
5  audit until February 2017, when a prior U.S. District Court lawsuit filed by Zurich
6  against First Rate (2:16-cv-3779-DMG-JPR) was close to trial.  After First Rate finally
7  agreed to the audit, and it was conducted (resulting in the additional 1.2 million dollars
8  premium), the first action was dismissed without prejudice because the judge in that
9  matter rejected a prior stipulation to extend dates submitted by the parties, and said that
10 she would not continue dates in the matter, further.  It was deemed easier just to re-file a
11 new action, including the new audit amount.

12     4. The instant action was filed on July 1, 2018 after First Rate would not pay the
13 1.2 million dollars owed as a result of the payroll audit.

14     5. First Rate's initial answer was filed (after stipulated extension) on August 31,
15 2017.

16     6. First Rate's amended answer and counterclaim was filed September 21, 2017.

17     7. The Court's Scheduling Order was issued on October 30, 2017.  The
18 Scheduling Order set deadlines for the parties to seek leave to amend the pleadings and
19 add new parties on February 16, 2018, the expert report exchange on February 16, 2018,
20 and percipient and expert discovery cut-offs on April 30, 2018.

21     8. Pursuant to First Rate's request, the parties stipulated to continue the expert
22 report exchange deadline to April 16, 2018 and the expert discovery cut-off to May 30,
23 2018, which the Court ordered on January 26, 2018.  In making its proposal, First Rate
24 pitched the requested extension as a means to devote the majority of its resources to
25 trying to reach a good faith resolution at a Mandatory Settlement Conference.  However,
26 both sides agreed to conduct party depositions prior to the M.S.C.

27     9. The magistrate had available dates in February and March for the M.S.C.  First
28 Rate's counsel said that he was not available for some of the available February and

March dates, Zurich was not available for other dates. In January, the MSC date of March 20, 2018 was selected.

10. Zurich responded timely and without extension to First Rate's written discovery. In fact, as to First Rate's Rule 34 request for production served with a Rule 30(b)(6) deposition notice served by mail on January 31, 2018, in order to assist First Rate's deposition preparation, Zurich provided the documents on March 1, 2018, four days before the (Monday) March 5, 2018 deadline for production per code. Zurich produced all of its witnesses, and even made arrangements so that telephonic depositions could be taken of out-of-state Zurich witnesses.

11. A Mandatory Settlement Conference occurred on March 20, 2018, and despite First Rate's representations before the extension of deadlines was agreed upon that it would participate in good faith to try to resolve the matter, was a complete waste of time, with First Rate not offering any money to resolve the matter, and instead offering only a mutual walk-away.

12. This ex parte was noticed by First Rate on April 3, 2018 at 4:41 p.m. to occur on April 4, 2018. I contacted First Rate's counsel to try to get the ex parte paperwork twice on April 4, 2018, informing counsel that I needed it to respond before a family vacation in Maui that I was leaving for on Friday. I contacted First Rate's counsel again on April 5, 2018 about the still not served ex parte paperwork. The ex parte paperwork was not served until 5:48 p.m. on Friday, April 6, 2018.

13. If the court grants leave to amend, Zurich will need a short continuance (2 months) of all dates in this matter to investigate defenses to the new claims and obtain expert input. As part of its investigation, Zurich will need leave from the Court to retake the depositions of First Rate's CEO Cliff Blake and President Devon Galpin regarding the new claims and any related claimed damages. Such additional time and investigation would be necessary to avoid prejudice to Zurich, given that the current Scheduling Order deadlines do not provide any time to conduct investigation of the new claims.

///

1     I declare under penalty of perjury pursuant to the laws of the United States of
2 America that the foregoing is true and correct to the best of my knowledge.
3
4 DATED: April 9, 2018                 HORTON VILLAGE LAW GROUP, APC
5
6
7                                     By: /s/ LVH
                                          LINCOLN V. HORTON
8                                           Attorneys for Plaintiff and Counter-
                                          Defendant ZURICH AMERICAN
9                                           INSURANCE COMPANY OF
                                          ILLINOIS