| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | April 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM AND CONTINUE TRIAL (Dkt. 32, filed April 6, 2018)

## I. INTRODUCTION & BACKGROUND

On July 1, 2017, plaintiff Zurich American Insurance Company of Illinois ("Zurich") filed the instant action against defendant First Rate Staffing Corporation ("First Rate"). Dkt. 1 ("Compl."). Zurich alleges that it issued a worker's compensation insurance policy to First Rate for the period May 7, 2014 to May 7, 2015, and that First Rate owes Zurich approximately $1.2 million in unpaid premium adjustments pursuant to a May 5, 2017 payroll audit.

On August 31, 2017, First Rate filed an answer. Dkt. 13. On September 21, 2017, First Rate filed an amended answer and a counterclaim against Zurich for breach of contract and intentional interference with an economic relationship, stemming from Zurich's alleged false reporting of First Rate as "uncooperative" to the Worker's Compensation Insurance Rating Bureau ("WCIRB"). See Dkt. 16. First Rate alleges that this reporting caused its worker's compensation insurance coverage to increase by $1.3 million. See id. On October 12, 2017, Zurich filed an answer to First Rate's counterclaim. Dkt. 21.

On April 6, 2018, First Rate filed an ex parte application to amend its answer and counterclaim, to add new parties, and for a continuance of all forthcoming dates. Dkt. 32 ("Application"). On April 9, 2018, Zurich filed an opposition. Dkt. 33 ("Opp'n"). On the same day, First Rate filed a request for Zurich to withdraw its opposition, asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | April 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

that Zurich's opposition improperly references confidential details about settlement negotiations conducted on March 20, 2018. Dkt. 34.

## II. DISCUSSION

First Rate requests leave to amend the Court's scheduling order so that First Rate may file a second amended answer and counterclaim, adding two counter-defendants, Zurich North America and World Wide Specialty Programs, Inc. ("World Wide"), and adding new claims for tortious breach of the implied covenant of good faith and fair dealing, negligence, and unfair business practices. First Rate also requests that the Court continue the trial and all other dates remaining on the scheduling order by eight months to allow First Rate to develop these additional claims.

First Rate argues that good cause permits amendment to the scheduling order[1] because First Rate did not discover the facts on which its requested amendment is based until March 5-9, 2018, during depositions of Zurich's employees. Motion at 4. In particular, First Rate argues that Zurich is required to set premiums based on its manual of rates, and that these rates must be approved by the California Department of Insurance. Id. at 5. First Rage contends that it learned during the March 7, 2018 deposition of James Buck—testifying on behalf of Zurich—that Zurich had an unlawful and discriminatory policy of determining premiums with respect to temporary staffing insureds, and that it places all temporary staffing insureds in its most expensive carrier in violation of policy language. Id. at 5–7. First Rate further asserts that Zurich's managing general agent, World Wide, was heavily involved in underwriting First Rate and shares liability for premium overcharges in excess of $400,000. Id. at 7. First Rate argues that it could never have discovered these facts prior to discovery, given that these facts were known exclusively to Zurich and World Wide.

First Rate asserts that it has remained diligent, and that since discovering the new facts it turned its attention on the Court-ordered mandatory settlement conference on March 20, 2018, in the hopes of settling the case. Id. at 8–9. Since that time, First Rate contends that it has been preparing its expert reports in light of the expert report deadline on April 16, 2018, and has simultaneously been drafting its second amended answer and counterclaim and the instant application. Id. 9. First Rate argues that Zurich will not be

---

[1] The last date to amend pleadings and add new parties was February 16, 2018. See Dkt. 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | April 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

prejudiced by the relief it seeks, and that a denial of this application will result in First Rate having to file another lawsuit, which will result in a waste of judicial resources. Id.

In opposition, Zurich asserts that the ex parte application is improper as it fails to demonstrate the extraordinary circumstances warranting ex parte relief, and that First Rate's application should be denied on those grounds. Opp'n at 6. Moreover, Zurich argues that there is no reason why First Rate could not have started discovery earlier, given that the case is nine months old, and that First Rate's delay in discovery should not be a basis for allowing the relief it seeks. Id. at 6–8. Zurich asserts that First Rate will not be prejudiced by a denial of its application, as First Rate can file the claims in another lawsuit. Id. at 8. Last, Zurich requests that insofar as the Court is inclined to grant leave to amend, the Court only allow a two-month continuance of all remaining dates, grant Zurich leave to retake the depositions of First Rate's CEO Cliff Blake and President Devon Galpin regarding the new claims and damages claims, and deny First Rate's request to add new parties. Id. at 8–9.

Once the deadline to file amended pleadings has passed, a party seeking leave to amend must satisfy the requirements of both Rule 16(b) and Rule 15(a) of the Federal Rules of Civil Procedure. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This requirement "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. If the moving party shows good cause under Rule 16(b), the court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. Id. at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court finds that modification of the scheduling order to allow amendment of First Rate's answer and counterclaim should be permitted. In deciding whether to permit modification to the order, the Court should consider: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). Here, it does not appear that the parties would face significant prejudice in the event of a denial *or* grant of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | April 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

the application. However, the Court finds that modification is in the interest of judicial economy. Moreover, it appears that First Rate discovered the new information concerning Zurich's rate setting policy for premiums in early March, that the parties engaged in settlement discussions in late March, and that shortly thereafter First Rate filed the instant application for ex parte relief. Accordingly, the Court finds that First Rate has demonstrated diligence, as it asserts that it only learned of the policy information during depositions taken in early March and that there was no other way to obtain this policy information.

In light of the above circumstances, the Court finds good cause for amending the scheduling order to permit First Rate to file a second amended answer and counterclaim, and to add Zurich North America and World Wide as new parties. In addition, Zurich is hereby permitted to depose Cliff Blake and Devon Galpin regarding the newly-added claims.

## III. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** First Rate's ex parte application for leave to file a second amended answer and counterclaim, and add Zurich North America and World Wide as defendants. First Rate may file its amended answer and counterclaim on or before **April 16, 2018.**

All remaining dates, beginning with the Exchange of Expert Report Cut-off, shall be continued by **four (4) months**.

1. Initial Expert Designation and Exchange of Expert Reports is continued from April 16, 2018 to August 16, 2018;
2. Rebuttal Expert Designation and Rebuttal Report is continued from April 30, 2018 to August 30, 2018;
3. Status Conference re: Settlement (11:00 A.M.) is continued from April 30, 2018 to September 10, 2018;
4. Expert Discovery Cut-off is continued from May 30, 2018 to September 28, 2018;
5. Last Day to File Motions is continued from June 1, 2018 to October 1, 2018;
6. Pretrial Conference/Hearings on Motions in Limine (11:00 A.M.) is continued from July 2, 2018 to November 5, 2018;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | April 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

7. Jury Trial (9:30 A.M.) is continued from August 7, 2018 to December 11, 2018.

   IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |