LINCOLN V. HORTON (SBN 165238)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiff and Counterdefendant ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WEST DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST RATE STAFFING CORPORATION and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-4864-CAS(KSx)<br><br>**ANSWER TO AMENDED COUNTERCLAIM** |

Plaintiff and Counterdefendant ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS ("ZAICI" or "counterdefendant") answers the amended counterclaim of Defendant and Counterclaimant FIRST RATE STAFFING CORPORATION ("First Rate" or "counterclaimant") that is part of First Rate's Second Amended Answer, Counterclaim, and Demand for Jury Trial, as follows:

**ADMISSIONS AND DENIAL**

1. ZAICI admits the allegations of paragraph 1 of the amended counterclaim.
2. ZAICI admits the allegations of paragraph 2 of the amended counterclaim.
3. ZAICI denies the allegations of paragraph 3 of the amended counterclaim. Zurich North America is a trade name, not a corporation.
4. ZAICI admits, based on information and belief, the allegations of paragraph 4 of

1

the amended counterclaim.

5. ZAICI denies the allegations of paragraph 5 of the amended counterclaim.

## JURISDICTION AND VENUE

6. ZAICI admits the allegations of paragraph 6 of the amended counterclaim.

7. ZAICI admits the allegations of paragraph 7 of the amended counterclaim.

8. ZAICI denies the allegations in paragraph 8 of the amended counterclaim. Zurich North America is a trade name, not a corporation or other legal entity.

9. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 9, and therefore denies the allegations.

## GENERAL ALLEGATIONS

10. ZAICI denies the allegations in paragraph 10 of the amended counterclaim, because each of allegations is based on the false premise that First Rate procured workers compensation policies from "Zurich NA" (defined in the counterclaim as "Zurich North America," a trade name, not a corporation). ZAICI admits that it issued three worker's compensation policies with the policy numbers and policy periods cited in paragraph 10, and that First Rate paid "premium" (albeit not all due for the third policy).

11. ZAICI admits that the allegations in paragraph 11 of the amended counterclaim that a payroll audit is required to take place, and that the quoted language exists in the operable 2014-15 policy. ZACI denies the allegation in paragraph 11 that a payroll audit is required to place "within three years after the policy ends", as a misstatement of the policy language and obligations.

12. ZAICI denies the allegations in paragraph 12 of the amended counterclaim, as stated.

13. ZAICI denies the allegation of paragraph 13 regarding what the "policy" "requires" because only part of the applicable provision is cited. ZAICI admits that its rating plans must be filed and approved by the California Department of Insurance.

///

## THE SCHEDULE MODIFICATION RATING

14. ZAICI admits the allegations in paragraph 14 of the amended counterclaim.

15. ZAICI admits the allegations in paragraph 15 of the amended counterclaim.

16. ZAICI admits the allegations in paragraph 16 of the amended counterclaim that it filed and obtained approval for its schedule modification rating plans. ZAICI denies the remaining allegations/contentions in paragraph 16 of the amended counterclaim.

17. ZAICI admits the allegations of paragraph 17 of the amended counterclaim pertaining to its general good faith duties as to First Rate. ZAICI denies the remaining allegations in paragraph 17 of the amended counterclaim.

18. ZAICI denies the allegations in paragraph 18 of the amended counterclaim.

19. ZAICI denies the allegations in paragraph 19 of the amended counterclaim.

20. ZAICI denies the allegations in paragraph 20 of the amended counterclaim.

21. ZAICI denies the allegations in paragraph 21 of the amended counterclaim.

22. ZAICI does not have sufficient information to form a belief regarding the allegations in paragraph 22 of the amended counterclaim, and therefore denies the allegations.

23. ZAICI admits the allegations in paragraph 23 of the amended counterclaim, generally.

24. ZAICI denies the allegations in paragraph 24 of the amended counterclaim.

25. ZAICI does not have sufficient information to form a belief regarding the allegations in paragraph 25 of the amended counterclaim, and therefore denies the allegations.

26. ZAICI denies the allegations in paragraph 26 of the amended counterclaim.

27. ZAICI denies the allegations in paragraph 27 of the amended counterclaim.

28. ZAICI denies the allegations in paragraph 28 of the amended counterclaim.

## THE RATE FILING AND CARRIER PLACEMENT

29. ZAICI admits the allegations in paragraph 29 of the amended counterclaim that all temporary staffing agencies doing business in California are underwritten and placed

1  in policies issued by ZAICI.  ZAICI admits that the rates for its policies are roughly 20%
2  higher than the next highest rates.  ZAICI denies the remaining allegations in paragraph
3  29 of the amended counterclaim.

4      30.  ZAICI denies the allegations in paragraph 30 of the amended counterclaim.

5      31.  ZAICI denies the allegations in paragraph 31 of the amended counterclaim.  The
6  denial as to when First Rate "learned" of its erroneous substantive allegations in
7  paragraph 31 is because ZAICI lacks sufficient information to form a belief on this
8  topic.

9      32.  ZAICI denies the allegations in paragraph 32 of the amended counterclaim.

10      33.  ZAICI admits the allegations in paragraph 33 of the amended counterclaim.

11      34.  ZAICI denies the allegations in paragraph 34 of the amended counterclaim.

12      35.  ZAICI lacks sufficient information to form a belief regarding when First Rate
13  "became aware" of the allegations in paragraph 35, and therefore denies the allegations.

## PAYROLL AUDIT AND REPORT TO THE WCIRB

15      36.  ZAICI admits the allegations in paragraph 36 of the amended counterclaim.

16      37.  ZAICI admits the allegations in paragraph 37 of the amended counterclaim as
17  generally correct.

18      38.  ZAICI admits the allegations in paragraph 38 of the amended complaint as
19  generally correct.

20      39.  ZAICI lacks sufficient information to form a belief about what is meant by
21  "applicable regulations," and therefore denies such allegations in paragraph 39 of the
22  amended counterclaim. ZAICI admits that when the policyholder refuses to provide the
23  insurer with access to payroll and other required records an Estimated Audit Code "U" is
24  reported to the WCIRB.  ZAICI denies the remaining allegations in paragraph 39 of the
25  amended counterclaim.

26      40.  ZAICI admits the allegations in paragraph 40 of the amended counterclaim.

27      41.  ZAICI denies the allegations in paragraph 41 of the amended counterclaim.

28      42.  ZAICI denies the allegations in paragraph 42 that it did not make a good faith

effort to schedule an audit of the 2014 policy, and that it refused to perform an audit at the end of July 2015. ZAICI lacks sufficient information to form a belief about First Rate's intent regarding the allegation that First Rate was attempting to schedule an audit in August, and therefore denies that allegation. ZAICI denies that it ceased all contact with ZAICI about scheduling the audit in July 2015. ZAICI admits that it told First Rate in the timeframe referenced in paragraph 42 that the auditor wanted to complete the payroll audit before August 2015.

43. ZAICI denies the allegations in paragraph 43 of the amended counterclaim.

44. ZAICI denies each of the allegations in paragraph 44 of the amended counterclaim. As to the allegations regarding "consequences," the allegations are too vague to admit or deny, and are therefore denied.

45. ZAICI denies the allegations in paragraph 45 of the amended counterclaim.

46. ZAICI denies the allegations in paragraph 46 of the amended counterclaim.

47. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 47 of the amended counterclaim, and therefore denies those allegations.

48. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 48 of the amended counterclaim, and therefore denies those allegations.

49. ZAICI denies the allegations in paragraph 49 of the amended counterclaim that its ex-mod in April 2016 was not true based upon First Rate's refusal to submit to a payroll audit for the 2014 policy, and denies that the ex-mod was "artificially inflated." ZAICI lacks sufficient information to form a belief at this time about what premium First Rate would have paid for workers compensation insurance had it complied with the 2014 insurance policy requirement and ZAICI's numerous requests in 2015 and 2016 for a payroll audit, and therefore denies those allegations.

50. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 50 of the amended counterclaim, and therefore denies the allegations.

51. ZAICI denies the allegations in paragraph 51 of the amended counterclaim.

52. ZAICI denies the allegations in paragraph 52 of the amended counterclaim.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

53. ZAICI admits the allegation in paragraph 53 of the amended counterclaim that First Rate seeks to incorporate paragraphs 1-52 (although not with the substance of paragraphs 1-52 as noted above).

54. ZAICI denies the allegation in paragraph 54 that First Rate entered into an agreement to purchase workers compensation insurance with "Zurich NA" [Zurich North America is a trade name]. ZAICI admits that First Rate entered into an agreement to purchase the three workers compensation insurance policies from ZAICI.

55. ZAICI denies the allegations in paragraph 55 of the amended counterclaim.

56. ZAICI denies the allegations in paragraph 56 of the amended counterclaim.

57. ZAICI denies the allegations in paragraph 57 of the amended counterclaim.

58. ZAICI denies the allegations in paragraph 58 of the amended counterclaim.

59. ZAICI denies the allegations in paragraph 59 of the amended counterclaim.

## SECOND CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONSHIP

60. ZAICI admits the allegation in paragraph 60 of the amended counterclaim that First Rate seeks to incorporate paragraphs 1-59 (although not with the substance of paragraphs 1-59 as noted above).

61. ZAICI admits the allegations in paragraph 61 of the amended counterclaim as to ZAICI. ZAICI denies the allegations in paragraph 61 as to Zurich North America, which is merely a trade name, and not a legal entity. ZAICI admits the allegations in paragraph 61 as to World Wide, based on information and belief.

62. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 62 of the amended counterclaim, and therefore denies the allegations. ZAICI also denies the allegations in paragraph 62 as to Zurich North America, which is only a trade name, and not otherwise a legal entity.

63. ZAICI denies the allegations in paragraph 63 of the amended counterclaim.

64. ZAICI lacks sufficient information to form a belief regarding the allegations in

6
ANSWER TO AMENDED COUNTERCLAIM

paragraph 64 of the amended counterclaim, and therefore denies the allegations.

65. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 65 of the amended counterclaim, and therefore denies the allegations.

66. ZAICI denies the allegation in paragraph 66 of the amended counterclaim that First Rates' ex-mod was "artificially inflated." ZAICI lacks sufficient information to form a belief regarding the remaining allegations in paragraph 64 of the amended counterclaim, and therefore denies those allegations.

67. ZAICI lacks sufficient information to form a belief regarding the allegations in paragraph 67 of the amended counterclaim, and therefore denies the allegations.

68. ZAICI denies the allegations in paragraph 68 of the amended counterclaim.

69. ZAICI denies the allegations in paragraph 69 of the amended counterclaim.

70. ZAICI denies the allegations in paragraph 70 of the amended counterclaim.

71. ZAICI denies the allegations in paragraph 71 of the amended counterclaim.

**THIRD CAUSE OF ACTION – BREACH OF COVENANT OF GOOD FAITH**

72. ZAICI admits the allegation in paragraph 72 of the amended counterclaim that First Rate seeks to incorporate paragraphs 1-71 (although not with the substance of paragraphs 1-71 as noted above).

73. ZAICI denies the allegations in paragraph 73 of the amended counterclaim.

74. ZAICI denies the allegations in paragraph 74 of the amended counterclaim.

75. ZAICI denies that First Rate suffered any damages caused by ZAICI and therefore denies the allegation in paragraph 75 of the amended counterclaim.

76. ZAICI denies the allegations in paragraph 76 of the amended counterclaim.

77. ZAICI denies the allegations in paragraph 77 of the amended counterclaim.

78. ZAICI denies the allegations in paragraph 78 of the amended counterclaim.

**FOURTH CAUSE OF ACTION - NEGLIGENCE**

79. ZAICI admits the allegation in paragraph 79 of the amended counterclaim that First Rate seeks to incorporate paragraphs 1-78 (although not with the substance of paragraphs 1-78 as noted above).

80. ZAICI denies the allegations in paragraph 80 of the amended counterclaim.

81. ZAICI denies the allegations in paragraph 81 of the amended counterclaim.

82. ZAICI denies the allegations in paragraph 82 of the amended counterclaim.

83. ZAICI denies the allegations in paragraph 83 of the amended counterclaim.

84. ZAICI denies the allegations in paragraph 84 of the amended counterclaim.

85. ZAICI denies the allegations in paragraph 85 of the amended counterclaim.

**FIFTH CAUSE OF ACTION – UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, 3T SEQ.**

86. ZAICI admits the allegation in paragraph 86 of the amended counterclaim that First Rate seeks to incorporate paragraphs 1-85 (although not with the substance of paragraphs 1-85 as noted above).

87. ZAICI denies the allegations in paragraph 87 of the amended counterclaim.

88. ZAICI denies the allegations in paragraph 88 of the amended counterclaim.

89. ZAICI denies the allegations in paragraph 89 of the amended counterclaim.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

90. Failure to State Claim. The amended counterclaim does not state a claim upon which relief can be granted.

**Second Affirmative Defense**

91. Counterclaimant's Fault. The damages alleged in the amended counterclaim are solely caused by counterclaimant's acts and omissions.

**Third Affirmative Defense**

92. Third Party Fault. The damages alleged in the amended counterclaim are solely caused by third parties' acts and omissions.

**Fourth Affirmative Defense**

93. Comparative Fault. The damages alleged in the amended counterclaim are caused by the comparative fault of counterclaimant and/or third parties.

### Fifth Affirmative Defense

94. Laches. The amended counterclaim is barred by the doctrine of laches.

### Sixth Affirmative Defense

95. Statute of Limitations. The amended counterclaim is barred by the applicable statutes of limitations for the causes of action set forth therein.

### Seventh Affirmative Defense

96. Failure to Mitigate. Counterclaimant has failed to mitigate its damages sought in the amended counterclaim.

### Eighth Affirmative Defense

97. Lack of Standing. Counterclaimant lacks standing to assert some or all of the causes of action and claims alleged in the amended counterclaim.

### Ninth Affirmative Defense

98. Waiver. Counterclaimant has waived the claims it asserts in its amended counterclaim.

### Tenth Affirmative Defense

99. Estoppel. Counterclaimant is barred from pursuing the causes of action and claims it asserts in its amended counterclaim by the doctrine of estoppel.

### Eleventh Affirmative Defense

100. Unclean Hands. Counterclaimant is barred from pursuing the causes of action and claims it asserts in its amended counterclaim by the doctrine of unclean hands.

### Twelfth Affirmative Defense

101. Speculative. The claims, causes of action, and damages alleged in the amended counterclaim are too speculative to warrant relief.

### Thirteenth Affirmative Defense

102. No Punitive or Exemplary Damages. The amended counterclaim does not plead particularized facts warranting a finding of fraud, oppression or malice, nor does the evidence meet the legal standard, for an award of punitive or exemplary damages to

counterclaimant and against counterdefendant.

### Fourteenth Affirmative Defense

103. No Breach. Counterdefendant breached no obligation, contractual or in tort (if any), owed to counterclaimant.

### Fifteenth Affirmative Defense

104. Good Faith. Counterdefendant acted in good faith toward counterclaimant at all times pertinent to this matter.

### Sixteenth Affirmative Defense

105. No Intent. Counterdefendant did not act with intent to harm or cause damages to counterclaimant at any time pertinent to this matter.

### Seventeenth Affirmative Defense

106. Frivolous Claims. Counterclaimant's claims are completely without merit, and asserted solely with the intention to vex and harass counterdefendant.

### Eighteenth Affirmative Defense

107. No Causation. No act or omission by counterdefendant caused harm or damages to counterclaimant.

### Nineteenth Affirmative Defense

108. No Damages. Counterdefendant caused no damages to counterclaimant.

### Twentieth Affirmative Defense

109. No Right to Attorneys' or Experts' Fees Recovery. Counterclaimant has no legal basis to recover attorneys' and/or experts' fees and costs.

### Twenty-First Affirmative Defense

110. No Unfair Business Practice. Counterclaimant is not entitled to any relief under California Business and Professions Code Sections 17200 et seq.

### Twenty-Second Affirmative Defense

111. No Injunctive Relief. Counterclaimant cannot show a reasonable likelihood of success on the merits as to any of its causes of action, and is not entitled to injunctive relief.

**Twenty-Third Affirmative Defense**

112. Reservation. Counterdefendant reserves all rights to assert any and all additional affirmative defenses that facts or theories developed during the litigation warrant for the defense of this matter.

**PRAYER**

ZAICI prays as follows:

A. That First Rate takes nothing by way of its amended counterclaim;

B. That judgment be entered for ZAICI;

C. That ZAICI be awarded its costs of suit, including attorneys' and experts' fees and costs; and

D. For such other relief as the Court deems proper.

DATED: May 2, 2018            HORTON VILLAGE LAW GROUP, APC

By: /s/ Lincoln V. Horton
LINCOLN V. HORTON
Attorneys for Plaintiff and Counterdefendant
ZURICH AMERICAN INSURANCE
COMPANY OF ILLINOIS