# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | August 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     **(IN CHAMBERS)** - ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT FIRST RATE STAFFING CORPORATION (Dkt. 59, filed July 25, 2018)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 27, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On July 1, 2017, plaintiff Zurich American Insurance Company of Illinois ("Zurich") filed the instant action against defendant First Rate Staffing Corporation ("First Rate") and Does 1 through 100. Dkt. 1 ("Compl."). Zurich alleges that it issued a worker's compensation insurance policy to First Rate for the period May 7, 2014 to May 7, 2015, and that First Rate owes Zurich approximately $1.2 million in unpaid premium adjustments pursuant to a May 5, 2017 payroll audit.

On July 25, 2018, Roxborough, Pomerance, Nye & Adreani, LLP ("RPNA") filed the instant motion to withdraw as counsel of record for First Rate. Dkt. 59–1 ("Motion"). No opposition has been filed.

## II. DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | August 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

83–2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83–2.3.3.

First Rate's counsel, RPNA, asserts that despite repeated demands for payment and notice provided to First Rate that RPNA would have to withdraw absent payment, First Rate has failed to make any arrangements for payments on its outstanding account balance, which remains in arrears by more than $82,000. Motion at 4 (citing Dkt. 59–2, Declaration of Joseph C. Gjonola, Esq. ("Gjonola Decl.") ¶¶ 3–10). RPNA further asserts that during the process of communicating with First Rate about the outstanding fees, costs, and future representation, the relationship between First Rate and RPNA has turned "contentious and adversarial," making the representation "unreasonably difficult." Id. at 5 (citing Gjonola Decl. ¶¶ 5–6). RPNA states that in a letter dated June 25, 2018 and in an email dated July 16, 2018, RPNA notified First Rate that it would have to seek withdrawal absent a firm commitment from First Rate that it would bring its account current. Id. at 5 (citing Gjonola Decl. ¶¶ 8–11). In a return of email the same day, First Rate's Chief Executive Officer acknowledged and consented to RPNA's withdrawal. Id. (citing Gjonola Decl. ¶¶ 8–11). RPNA also argues that the retainer agreement that First Rate signed with RPNA indicates that RPNA could withdraw from representation if First Rate failed to pay RPNA's fees. Id. (citing Gjonola Decl. ¶ 7).

RPNA further asserts that First Rate has been provided with written notice of the consequences of its inability to appear pro se, and that it has been advised to find substitute counsel. Id. at 6 (citing Gjonola Decl. ¶ 11). Last, RPNA argues that there are no imminent deadlines pending in this case, and that any substitute counsel would have more than four months to prepare for trial beginning December 11, 2018. Id.

Upon consideration of the motion, the Court finds good cause to permit counsel to withdraw. While the "[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause," C.D. Cal. L.R. 83-2.3.2, "[c]ourts have also held that the failure to pay attorneys['] fees may be grounds for withdrawal," Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599-OWW-DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) (collecting cases); see also Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp., No. 07-cv-06072-RMW, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) ("The court applies California's Rules of Professional Conduct to determine whether withdrawal is proper. Pursuant to such rules, an attorney may seek to withdraw if the client 'breaches an agreement or obligation to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-04864-CAS(KSx) | Date | August 10, 2018 |
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

member as to expenses or fees.' " (quoting Cal. Rule of Prof. Conduct 3-700(C)(1)(f)) (citations omitted)). Here, it appears that First Rate has failed to make arrangements or provide a firm commitment for payment to RPNA on its outstanding account balance, despite RPNA's repeated requests for payment or a firm commitment. As a consequence, First Rate has now accumulated substantial debt to RPNA.

In addition, the existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel. Moore v. United States, No. 04-CV-423-FCD-JFM, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996); see also Cal. R. Prof. Conduct 3-700(C)(2) (providing that an attorney may seek to withdraw as counsel if "the continued employment is likely to result in a violation of the [Rules of Professional Conduct]"). A conflict of interest is present when "there has been an irreparable breakdown of the working relationship between counsel and client." Manfredi & Levine v. Superior Court, 66 Cal. App. 4th 1128, 1135 (1998) (citations omitted). RPNA maintains that despite repeated demands for payment, it has been unable to reach an agreement with First Rate on payment of outstanding attorneys' fees, which has caused RPNA's representation of First Rate to become contentious and unreasonably difficult. These assertions demonstrate an irreparable breakdown of the working relationship between counsel and client. See, e.g., Aceves, 51 Cal. App. 4th at 592; Cal. R. Prof. Conduct 3-700(C)(1)(d). Moreover, it does not appear that the proceedings will be delayed or that defendants will suffer injustice if counsel is permitted to withdraw, as trial in this matter is set for December 11, 2018. Accordingly, the Court finds that RPNA should be permitted to withdraw as counsel for First Rate.

## III. CONCLUSION

In light of First Rate's failure to cooperate with its counsel, the instant motion is **GRANTED**. The Court hereby relieves Roxborough, Pomerance, Nye & Adreani, LLP as counsel for First Rate.

First Rate is a corporate entity and therefore may not appear pro se. C.D. Cal. L.R. 83-2.2.2. RPNA shall serve a copy of this minute order on First Rate forthwith, notifying First Rate of its obligation to obtain counsel within **thirty (30)** days of the date of this order. C.D. Cal. L.R. 83-2.3.4. RPNA shall advise First Rate that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:17-cv-04864-CAS(KSx) | Date | August 10, 2018 |
|---|---|---|---|
| Title | ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS v. FIRST RATE STAFFING CORPORATION, ET AL. | | |

sanctions or the entry of default. RPNA shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |